UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INSPIRE MEDICAL BILLING, LLC,

    Plaintiff,                                                  Civil Action No. 20-CV-10658

vs.                                                           HON. BERNARD A. FRIEDMAN

HMR FUNDING, LLC and
VELOCITY MEDICAL RECEIVABLES
SOLUTIONS, LLC,

    Defendants.

_____/

### OPINION AND ORDER DENYING MOTION OF DEFENDANT VELOCITY MEDICAL RECEIVABLES SOLUTIONS, LLC TO DISMISS COUNTS II AND III

This matter is presently before the Court on the motion [docket entry 18] of defendant Velocity Medical Receivables Solutions, LLC ("Velocity") to dismiss Counts II and III of the amended complaint. Plaintiff has filed a response in opposition. Defendant Velocity has not replied, and the time for it to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

This is a breach of contract, conversion, and tortious interference case. Plaintiff Inspire Medical Billing, LLC ("Inspire") alleges that in December 2017 it entered into a contract with defendant HMR Funding, LLC ("HMR") to provide billing services for two HMR-funded companies, Gravity Imaging, LLC and Total Toxicology, LLC. Am. Compl. ¶ 9. Plaintiff was to be the sole provider of these services to, and the sole collector of billings owed to, these companies. *Id.* ¶ 10. Plaintiff further alleges that "[a]t the direction of Defendant HMR, Defendant VELOCITY breached and interfered in that contractual arrangement with INSPIRE

by informing entities assisting INSPIRE in collecting medical billings to direct the proceeds of the collections to VELOCITY instead of INSPIRE." *Id.* ¶ 12. Plaintiff asserts a claim against both defendants for breach of contract (Count I) and claims against Velocity for conversion (Count II) and tortious interference with a contractual relationship (Count III). Plaintiff seeks damages "in excess of $25,000.00." *Id.* ¶ 26.

Velocity seeks dismissal of Counts II and III for failure to state a claim. To survive such a motion, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The amended complaint satisfactorily states claims against Velocity for conversion and tortious interference. "To support an action for conversion of money, the defendant must have obtained the money without the owner's consent to the creation of a debtor-creditor relationship and must have had an obligation to return the specific money entrusted to his care." *Korean Am. Scholarship Fund v. Jong Dae Kim*, No. 334373, 2017 WL 4846001, at *3 (Mich. Ct. App. Oct. 26, 2017) (internal quotation marks and citation omitted). This claim is stated by the allegation that "VELOCITY caus[ed] monies owed to INSPIRE to be diverted in one form or another to VELOCITY." Am. Compl. ¶ 20. "The elements of

tortious interference with a contract are (1) the existence of a contract, (2) a breach of the contract, and (3) an unjustified instigation of the breach by the defendant." *Health Call of Detroit v. Atrium Home & Health Care Servs., Inc.*, 706 N.W.2d 843, 848-49 (Mich. Ct. App. 2005). This claim is stated by the allegations that Velocity knew of the contract's existence and caused it to be breached by diverting "the proceeds of the collections to VELOCITY instead of INSPIRE." Am. Compl. ¶ 12. Whether defendant Velocity has defenses to these claims (e.g., that "the disputed funds were never the property of Plaintiff," Def.'s Br. at 8, or that Velocity was acting as HMR's agent, *see id.* at 9-10) are issues it may raise on summary judgment. But the claims have been sufficiently stated to resist a Rule 12(b)(6) challenge. Accordingly,

        IT IS ORDERED that defendant Velocity's motion to dismiss is denied.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated: September 17, 2020    SENIOR UNITED STATES DISTRICT JUDGE
Detroit, Michigan